Manchester District Court
No. 7364

MASON FURNITURE CORPORATION v. EDMUND M. GEORGE

July 30, 1976

*James A. Manning,* by brief, for the plaintiff.

Edmund M. George, pro se, filed no brief.

KENISON, C.J.   The plaintiff has secured a judgment by default in a small claim proceeding. RSA ch. 503 (Supp. 1975). The sheriff returned the writ of execution with an endorsement that no property of the defendant could be found. The plaintiff then petitioned for relief under RSA 524:6-a (Supp. 1975) which provides in part: "Whenever judgment is rendered against any person in this state, the court wherein said judgment is rendered shall order the defendant, in the event he shall be unable to pay the judgment in full, to make such weekly payments as the court in its discretion deems appropriate. Failure to make such weekly payments shall constitute civil contempt of court." The defendant, who had been served with a subpoena by the sheriff, failed to appear at the hearing on the plaintiff's petition. The District

Court (*Capistran*, J.) neither granted nor denied the petition, but reserved and transferred the following questions (RSA 502-A:17-a (Supp. 1975)):

"(1)  What constitutes a civil contempt under RSA 524:6-a?

"(2)  Under what circumstances, if any, may this court order an individual committed, if found in contempt?"

The court may issue a warrant for the debtor's arrest to secure his attendance at court when the debtor fails to appear under subpoena at a hearing to discover his assets. RSA 516:7. A person who is arrested in these circumstances is entitled to due process of law, including the right to be brought before the court without unreasonable delay, the right to bail, and the right to move for a hearing on the grounds for his arrest. *Perlmutter v. De Rowe*, 58 N.J. 5, 274 A.2d 283 (1971). Failure to appear in response to a subpoena may also be punished as contempt. *Desmond v. Hachey*, 315 F. Supp. 328 (D. Me. 1970). The debtor is entitled to notice and a hearing on the issue of commitment before he may be committed for either criminal or civil contempt. *Vail v. Quinlan*, 387 F. Supp. 630 (S.D.N.Y. 1975), 406 F. Supp. 951 (S.D.N.Y. 1976); Laws 1973, chs. 111 and 115; Houle and Dubose, *The Nonsupport Contempt Hearing: Constitutional and Statutory Requirements*, 14 N.H.B.J. 165 (1973).

Civil contempt is a traditional remedy to enforce family support obligations. RSA 165:19 (Supp. 1975); 167:3 (Supp. 1975); 458:19 and :34; 546:9 and :26 III; *see* H. Clark, Jr., Law of Domestic Relations §§ 14.10 and 15.3 (1968). In 1971, "An Act Abolishing Arrest upon Civil Process" repealed the statutory provisions for the enforcement of other obligations by coercive commitment. Laws 1971, ch. 227. RSA 524:6-a (Supp. 1975; Laws 1975, 143:1), which reintroduced the contempt remedy, is similar to provisions in other States. Annot., 111 A.L.R. 392 (1937). Such laws have been held to be constitutional. *Freeman v. Heiman*, 426 F.2d 1050 (10th Cir. 1970); *Carter v. Lynch*, 429 F.2d 154 (4th Cir. 1970). *But see* V. Countryman, Cases and Materials on Debtor and Creditor 83-84 (1974).

A civil contempt under RSA 524:6-a (Supp. 1975) is an order committing the judgment debtor to custody until he makes a prescribed payment. *See Duval v. Duval*, 114 N.H. 422, 425, 322 A.2d 1, 3 (1974); D. Dobbs, Law of Remedies 98 (1973). The statute provides for civil contempt only when the defendant has failed to

pay an installment under an existing order. The commitment is ordered to secure a payment, not to punish the debtor for his failure to pay previous installments. Note, *Due Process in Civil Contempt Proceedings,* 44 Fordham L. Rev. 1029, 1037ff (1976). The court may, but need not, require payment of the full amount which is overdue as the condition of release. In determining whether coercive commitment is an appropriate remedy, the court should first consider the defendant's explanation of his failure to make the overdue payment. The court should then consider whether other methods of executing the judgment have been tried, whether alternative methods are presently available, whether the defendant has simply failed to pay or has taken active measures to frustrate collection. The court should consider all relevant circumstances and make such order as justice requires.

*Remanded.*

All concurred.