Keene District Court
No. 81-364

## Vermont National Bank

v.

## Alex J. Taylor and Lorraine A. Taylor

May 17, 1982

*Bragdon, Berkson & Mangones*, of Keene (*Stephen B. Bragdon* on the brief and orally), for the plaintiff.

*Aaron A. Lipsky*, of Keene, by brief and orally, for the defendants.

BROCK, J.    In this case, the defendants challenge the Keene District Court's practice of initiating contempt proceedings against judgment debtors by the issuance of a writ of capias.

In January 1981, the plaintiff, Vermont National Bank, brought

suit against the defendants to collect money owed. That suit was concluded on February 25, 1981, when both parties entered into an agreement which read as follows:

> "Judgment for the Plaintiff in the amount of Two Thousand Three Hundred ($2,300.00) Dollars, Defendants to make One Hundred ($100.00) Dollars per month payments beginning the first day of March, 1981, and before the first day of each month thereafter for the next twenty-two (22) months. If the Defendants are more than five (5) days late on any payment, this judgment to be Two Thousand Eight Hundred Fifty ($2,850.00) Dollars; and after credit for any sums paid the balance to be due immediately. No interest, no costs; no further action for the same cause."

The agreement was filed with the clerk of the Keene District Court.

The defendants made one monthly payment but did not keep up with the monthly payments thereafter. On June 9, 1981, counsel for the plaintiff filed a petition in the Keene District Court for examination of the judgment debtors pursuant to RSA 524:6-a (Supp. 1981). The court, however, informed him that he did not need to file such a petition but could just file a petition for a writ of capias. On or about July 14, 1981, an ex parte capias writ was issued by the Keene District Court (*Talbot*, S.J.), directing the sheriff to arrest the defendants or cause them to post $300 in cash bail. At no time were the defendants given notice that their nonperformance of the agreement for judgment could result in their incarceration nor were they given an opportunity to appear voluntarily at a hearing concerning their present ability to make payments under the terms of the judgment.

On August 7, 1981, the deputy sheriff, acting pursuant to the writ of capias, arrested one of the defendants, Lorraine A. Taylor. No hearing was held or scheduled to be held on that day so she deposited $300 cash bail in order to obtain her release. Subsequently, the defendants moved to quash the writ of capias and recover the bail. After hearing, the district court denied the motion and noted the defendants' exception.

The only issue before us is whether the use of a writ of capias by the Keene District Court to initiate contempt proceedings against a civil judgment debtor was proper. We hold that it was not. Accordingly, we quash the writ of capias, order the immediate return of the $300 in bail to the defendants, and remand the case to the Keene District Court for a hearing to determine the defendants'

present ability to pay the judgment and to order such weekly payments as the court, in its discretion, may deem appropriate.

Capias (literally, in Latin, "you take" or "you seize") is the common name for a class of writs which direct the officer to whom they are addressed to arrest the defendant named in the writ. 1 F. POLLOCK & F. MAITLAND, *The History of English Law* 591–92 (1895). The most common capias writs, which still have some modern significance, are the "capias ad satisfaciendum" and the "capias ad respondendum." The former is a writ of execution calling for the arrest of a judgment debtor in order to compel him to satisfy the judgment. The latter is a judicial writ directing the sheriff to arrest the defendant and bring him into court to answer a complaint filed against him. Note, *Civil Arrest of Fraudulent Debtors: Toward Limiting the Capias Process*, 26 RUTGERS L. REV. 853, 855–56 (1973).

Although the English system of debtors' prisons was notoriously abusive, the capias writs were nevertheless utilized in the American colonies. In early American history, the imprisonment of civil judgment debtors was quite common. *Id.* at 854. Over the years, however, the value of human liberty took precedence over commercial concerns, and the injustice of jailing people without criminal culpability was recognized. As a result, many states abolished the remedy of imprisonment for satisfaction of civil debts (capias ad satisfaciendum). *See id.* at 855; *Repetti v. Gil*, 372 N.Y.S.2d 840, 842 (1975).

█ In 1971, this State repealed the remaining statutes which explicitly provided for imprisonment of civil debtors. *See* Laws 1971, ch. 227. In limited circumstances, however, writs of capias can still be used in this State if they are accompanied by sufficient procedural safeguards.

██ In 1976, this court, in *Mason Furniture Corp. v. George*, 116 N.H. 451, 362 A.2d 188 (1976), held that if a judgment debtor fails to pay a judgment as ordered and refuses to appear at a hearing to establish his nonability to pay or to show cause why he should not be held in contempt for failing to comply with the court's order, a writ of capias or warrant can be issued for his arrest to secure his attendance in court. Id. at 452, 362 A.2d at 189. Further, when a judgment debtor has been found by the court to be able to pay and has been ordered to pay the judgment but refuses to do so, he can be held in civil contempt and ordered to be imprisoned until he makes the prescribed payment. *Id.* at 452–53, 362 A.2d at 189. *See generally Town of Nottingham v. Cedar Waters, Inc.*, 118 N.H. 282, 285, 385 A.2d 851, 853–54 (1978). A

debtor who is arrested in the latter situation "is entitled to notice and a hearing on the issue of commitment before he may be committed for . . . civil contempt." *Mason Furniture Corp. v. George*, 116 N.H. at 452, 362 A.2d at 189.

■ The plaintiff in this case argues that the writ of capias was properly issued to summon the defendants to court and require them to show cause why they should not be held in contempt. We disagree. Because the defendants did not fail to appear in response to a summons or subpoena, and were not in contempt, the district court had no authority to issue an ex parte capias writ against them. *See id.* at 452, 362 A.2d at 189.

■ In effect, the district court issued the challenged writ of capias to *initiate* the contempt proceedings against the defendants. We hold that the use of an ex parte capias writ to initiate collection or civil contempt proceedings before the debtor has been given an opportunity to appear voluntarily for a hearing concerning his reasons for nonpayment and his present ability to pay violates the defendant's procedural due process rights under both the United States' and this State's Constitutions. U.S. CONST. amend. XIV; N.H. CONST. pt. 1, art. 15.

■ "For more than a century, the central meaning of procedural due process has been clear: 'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.' " *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) (citations omitted). Generally, an opportunity to be heard must be given prior to any deprivation of rights, unless the State can demonstrate a valid governmental interest justifying the postponement of the hearing until after the deprivation. *Boddie v. Connecticut*, 401 U.S. 371, 378–79 (1971); *see Burns v. Swenson*, 430 F.2d 771, 779 (8th Cir. 1970) (when there is a threat of imminent violence, an exception can be made to the requirement of prior hearing), *cert. denied*, 404 U.S. 1062 (1972); *Mignone v. Vincent*, 411 F. Supp. 1386, 1389 (S.D.N.Y. 1976) (when there is an immediate threat of harm, a person may be institutionalized without prior hearing). While the State's interest in the collection of civil debts is legitimate, nonpayment does not constitute a threat of sufficient magnitude to justify an exception to the prior hearing rule.

■ The United States Supreme Court has held that an ex parte attachment of a debtor's property is unconstitutional because it violates the due process clause of the fourteenth amendment, which requires notice to the debtor and a prior opportunity to be heard. *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S.

601, 606–07 (1975) (garnishment of property) (*distinguishing Mitchell v. W. T. Grant Co.*, 416 U.S. 600, 611 (1974)) (summary repossession); *Fuentes v. Shevin*, 407 U.S. at 83 (replevin of property); *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 341–42 (1969) (prejudgment garnishment); *see* RSA 524:6-a (Supp. 1981). If procedural due process requires notice and a prior opportunity to be heard when dealing with the attachment of property, it certainly requires those same safeguards when personal liberty is restrained, an undoubtedly more severe infringement of an individual's rights than the attachment of property. *Yoder v. County of Cumberland*, 278 A.2d 379, 386 (Me. 1971); *Repetti v. Gil*, 372 N.Y.S.2d at 848. Because the ex parte capias procedure used by the Keene District Court to initiate civil contempt proceedings against the defendants resulted in Lorraine Taylor's arrest before she had notice or any opportunity to be heard on her present ability to pay the judgment, use of the writ in this case was unconstitutional. U.S. CONST. amend. XIV; N.H. CONST. pt. 1, art. 15.

■ We hereby order our courts to cease using writs of capias or other forms of arrest warrants to initiate civil contempt proceedings against judgment debtors and request that the administrative committee of the district and municipal courts (RSA 502-A:18 (Supp. 1981)) propose court rules requiring that such proceedings be initiated by summons or other means less summary than the capias process. *See* Tentative Procedures under RSA 524:6-a, Superior Court Rules, at 71–72 (Spring 1981 ed.).

> *Remanded; capias quashed; return of $300 bail ordered.*

All concurred.