Merrimack
No. 91-282

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL E. WALLACE

October 30, 1992

*John P. Arnold*, attorney general (*Ann F. Larney*, assistant attorney general, on the brief and orally), for the State.

*Roland R. Tamminga*, of Belmont, by brief and orally, for the defendant.

THAYER, J.   The defendant, Michael Wallace, appeals a decision of the Superior Court (*Morrill*, J.), finding him in contempt of court and incarcerating him in the house of corrections for three successive weekends. The defendant was found in contempt for failure to comply with a Superior Court (*Flynn*, J.) order that required him to pay child support and provided that failure to comply would result in incarceration in the house of corrections for three successive weekends. On appeal, the defendant argues that the State had to prove beyond a reasonable doubt that he had the ability to comply with the court's order and that the court erred by failing to make a specific finding on this issue. For the reasons stated herein, we vacate and remand for a determination of whether to proceed in civil or criminal contempt and to make the findings required by this opinion along with the appropriate disposition.

On March 12, 1982, the defendant was found liable for child support and ordered to make weekly support payments. In December 1988, the defendant was approximately $4,000 in arrears, and he entered into a court-approved agreement to pay $35 per week. The defendant failed to comply with the agreement, and at a hearing in June 1989 claimed that he was unable to make the payments. The court instructed the defendant to file a petition to modify the support order, to attempt to obtain work through the State unemployment

office on a weekly basis and to send proof of these weekly visits to the New Hampshire Division of Human Services, Office of Child Support Enforcement Services (the division). The defendant did not comply with this order, was found in contempt of court, and sentenced to five days in the house of corrections. The defendant filed a motion to modify his support agreement, but the court dismissed the motion after the defendant failed to appear at a hearing regarding his contention that a medical condition affected his ability to work. On April 26, 1990, at a hearing at which the defendant was present, the defendant was found in contempt and ordered to pay $60 to the division immediately, $200 by April 30, 1990, and $45 per week for on-going support and arrearage; failure to comply would result in imprisonment for three successive weekends in the house of corrections. This order forms the basis of the contempt finding that is the subject of this appeal. The defendant paid $60 immediately but did not pay $200 by the specified date, nor did he continue his weekly payments. After a series of letters from the division, a show cause hearing was held on June 13, 1991. At the hearing, the court ordered the defendant to pay $1,000 by July 26, 1991, to pay $45 per week and to maintain regular telephone contact with the division. The court further found the defendant in contempt for failure to comply with its April 26, 1990 order and sentenced him to three successive weekends in the house of corrections.

The defendant argues on appeal that the imposition of a determinate term of imprisonment, as in this case, is indicative of criminal contempt and, therefore, the State was required to prove every element of the offense beyond a reasonable doubt, including that he was able to comply with the court's April 26, 1990 order.

In determining whether a contempt proceeding is civil or criminal we must look to the character and purpose of the punishment. *Town of Nottingham v. Cedar Waters, Inc.*, 118 N.H. 282, 285, 385 A.2d 851, 853 (1978); *Hicks v. Feiock*, 485 U.S. 624, 631 (1988). "Civil contempt is a traditional remedy to enforce family support obligations." *Mason Furniture Corp. v. George*, 116 N.H. 451, 452, 362 A.2d 188, 189 (1976). In civil contempt, punishment is remedial and its purpose is to coerce the defendant into complying with the court's order, which was made to benefit the complainant. *Town of Nottingham*, 118 N.H. at 285, 385 A.2d at 853. Civil contempt may result in imprisonment of the defendant, but upon compliance with the court's order, the defendant must be released. Thus it is said that the defendant carries the "keys to the jail" in his or her pocket. *Id.* at

285, 385 A.2d at 853–54. "The purpose of prosecution for criminal contempt is to protect the authority and vindicate the dignity of the court." *Id.* at 285, 385 A.2d at 854. The criminal contempt defendant may be imprisoned for a determinate amount of time without the ability to purge the sentence because incarceration is punitive and not for the purpose of compelling the defendant to comply with a court order. *Id.*

The case at issue has elements indicative of civil contempt. For example, it is based upon an order of child support for the benefit of the defendant's family. As stated above, civil contempt is generally the remedy to enforce family support obligations. The defendant was sentenced, however, to three successive weekends of confinement, without the ability to purge his sentence by complying with the court's previous order. The court's notice of decision stated: "Defendant has failed to comply with this Court's Order of April 26, 1990 . . . . He shall be incarcerated for 3 successive weekends at the Merrimack County House of Corrections commencing June 21, 1991, each weekend to run from 6:00 p.m. Friday to 6 p.m. Sunday."

The United States Supreme Court held in *Hicks v. Feiock* that if a defendant charged with contempt receives a determinate sentence, then the punishment is criminal in nature and "may not be imposed unless federal constitutional protections are applied in the contempt proceeding." 485 U.S. at 637. Thus, because the defendant in this case received a determinate sentence, the proceeding was criminal in nature and the defendant was entitled to federal constitutional protections, including that the State prove each element of the offense beyond a reasonable doubt. *Id.; see also* SUPER. CT. R. 95 (criminal contempt defendant entitled to notice and opportunity to be heard).

In *Hicks*, the Court held that the defendant could not be required to bear the burden of proof on his inability to comply with the court's order because California had previously held that the ability to comply with the court's order is an element of criminal contempt. *See Hicks*, 485 U.S. at 629. A defendant cannot constitutionally be required to prove an element of a criminal offense because such a requirement would "undercut the State's burden to prove guilt beyond a reasonable doubt." *Id.* at 637.

We have not had occasion in this State, however, to determine whether the defendant's ability to comply with the court's order is an element of the offense of criminal contempt. We have held that the State is required to prove in criminal contempt proceedings that a

valid order existed, of which the defendant had knowledge, and that the defendant intentionally failed to comply with the order. *See State v. Linsky*, 117 N.H. 866, 872, 379 A.2d 813, 818 (1977). We have also held that in civil contempt proceedings, the defendant may raise inability to comply with the court's order as a defense, and the court should consider the defendant's explanation as well as all relevant circumstances prior to incarcerating the defendant. *Mason Furniture*, 116 N.H. at 453, 362 A.2d at 189–90. The court should also determine whether other methods of executing the judgment have been tried and whether alternative methods of enforcement are available. *Id.*

We hold that the inability to comply with the court's order, whether in civil or criminal contempt proceedings, is a defense and, therefore, should be raised by the defendant. *See, e.g., Coleman v. Coleman*, 664 P.2d 1155, 1157 (Utah 1983) (defendant must present evidence of justification for failure to comply with court's order before burden shifts to State). Generally, when a defendant introduces evidence regarding a defense to a criminal offense, the State must disprove that defense beyond a reasonable doubt. *See* RSA 626:7. Accordingly, once the defendant introduces evidence regarding inability to comply in a criminal contempt proceeding, the burden then shifts to the State to prove beyond a reasonable doubt that the defendant intentionally did not comply with the order. In the support context, intentional noncompliance is evident where the paying spouse has the ability to pay and refuses to comply with the order or voluntarily impairs his or her ability to comply, for example by voluntary unemployment or underemployment.

At the show cause hearing for failure to comply with the court's April 26, 1990 order, the defendant presented evidence regarding his inability to comply. The State presented evidence regarding the defendant's history of noncompliance and previous hearings but did not present specific evidence on the defendant's voluntary noncompliance. Absent a specific finding by the court, we are not certain whether the State met its burden to prove beyond a reasonable doubt that the defendant intentionally did not comply with the April 26, 1990 order. Accordingly, the finding of contempt is vacated.

> *Vacated and remanded for further proceedings consistent with this opinion.*

All concurred.