Hillsborough-southern judicial district
No. 93-502

THE STATE OF NEW HAMPSHIRE

v.

STEPHEN FOWLIE

February 4, 1994

*Jeffrey R. Howard*, attorney general (*John A. Curran*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

BATCHELDER, J.   The defendant, Stephen Fowlie, appeals the decision of the Superior Court (*Arnold*, J.), revoking his probation and imposing a previously deferred sentence of imprisonment. The revocation was based on the defendant's failure to comply with a condition of his sentence that he pay restitution. We vacate and remand.

In September 1992, the defendant pleaded guilty to first degree assault and was sentenced to one to three years incarceration, deferred for one year, and two years probation. The sentence allowed the defendant to petition the court thirty days prior to the expiration of the deferred period to show cause why the sentence should not be imposed. In addition, the defendant was ordered to make restitution through the department of corrections for the uninsured medical losses sustained by the victim. Probation was transferred to Maine in November 1992.

In May 1993, the State moved to impose the deferred sentence. At the hearing on the State's motion, Probation Officer Brian Jones testified that in January 1993 he had sent the defendant a letter with a payment schedule, and that the defendant did not make any restitution payments. During the hearing the defendant testified and admitted that he had made no payments but stated that he lacked the ability to pay. He testified about his employment history since the time of his guilty plea, which included several part-time jobs at which he was sporadically employed, and also about his many appli-

cations for jobs. His income went for living expenses and to pay for tools he planned to use as a self-employed blacksmith the following summer. He acknowledged that he bought his girlfriend a bit for her horse for "under twenty dollars" as a Christmas present.

The trial court granted the State's motion to impose the sentence. After quoting the sentencing order's condition that the defendant make "continuous and regular payment of restitution" in order to avoid incarceration, the court's order continued:

> "The language of the sentence is clear and unambiguous in establishing the defendant's obligation to make continuous and regular payments of restitution. The defendant agreed to these conditions at the time of sentencing and accepted the obligations set forth therein. The defendant was presumed to have had the ability to abide by the terms of the sentence as it relates to restitution and the defendant by agreeing to the sentence acknowledged that he was able and would comply. Defendant's sentence was not conditioned on his employment, it was conditioned on defendant's regular and continuous payment which defendant acknowledged he could and would comply with. Had the defendant advised that restitution was a problem or that it would be conditioned on his employment, the terms of the sentence would have so indicated or the sentence would have been imposed forthwith. The Court finds that the defendant has failed to make continuous and regular payments of restitution. The defendant, in fact, has made no payments whatsoever. The Court grants the State's motion to impose the deferred portion of the sentence in the New Hampshire State Prison for not more than three years nor less than one. So ordered."

The trial court thus based its decision to impose the sentence on a presumption of ability to pay restitution at the time of the original sentence, rather than on the defendant's actual ability to pay at any time during the existence of the order to pay. This conflicts with the United States Supreme Court's holding in *Bearden v. Georgia*, 461 U.S. 660 (1983). In *Bearden* the Court held that if a probationer sentenced to pay restitution "has willfully refused to pay . . . when he has the means to pay," he may be imprisoned. *Id.* at 668. In addition, if the probationer does not "make sufficient bona fide efforts to seek employment or borrow money in order to pay the . . . restitution," probation may be revoked. *Id.* But, the Court held, "it is fundamentally unfair to revoke probation automatically without considering whether adequate alternative methods of punishing the defendant

are available," *id.* at 668–69, where the defendant "could not pay despite sufficient bona fide efforts to acquire the resources to do so." *Id.* at 672.

■ By presuming the defendant's ability to pay restitution, the trial court applied an improper legal standard to the proceedings here. Because the court appears to have considered the evidence in the light of that erroneous standard, we remand for reconsideration for the court to make the necessary factual determination as to whether this defendant had the means to comply with the sentencing order, including the diligence exercised in pursuing those means. We note that the standard we announce here applies regardless of whether the proceeding is considered a hearing on imposition of sentence or on a violation of probation.

■■ We now consider another issue presented in this appeal as it may arise on rehearing below. The parties dispute the placement of the burden of proof in a revocation proceeding where a probationer raises his inability to pay as a defense. The defendant's argument, that once a defense of inability to pay is raised the burden shifts to the State to prove willfulness, is premised on *State v. Wallace*, 136 N.H. 267, 615 A.2d 1243 (1992). We held in *Wallace* that in a criminal contempt proceeding where a defendant introduces evidence of inability to pay, the State must prove beyond a reasonable doubt the defendant's intentional noncompliance with the court's order. *Id.* at 271, 615 A.2d at 1245. Probation violation, however, is not a criminal offense, and revocation requires only a finding, by a preponderance of the evidence, of misplaced trust. *State v. Field*, 132 N.H. 760, 766, 571 A.2d 1276, 1280 (1990). For this reason we disagree that *Wallace* controls. The State's initial burden when, as here, it brings a petition, is to show that the defendant did not meet a condition of his sentence, in this case, the payment of restitution. The court then "must inquire into the reasons for the failure to pay." *Bearden*, 461 U.S. at 672. If the defendant then "demonstrate[s] sufficient bona fide efforts to repay his debt," *id.* at 671, alternatives to imprisonment must be considered by the court before probation may be revoked and imprisonment ordered. *Id.* at 672.

*Vacated and remanded.*

All concurred.