Grafton
No. 98-660

THE STATE OF NEW HAMPSHIRE

v.

ROBERT DUMONT

August 31, 2000

*Philip T. McLaughlin*, attorney general (*N. William Delker*, assistant attorney general, on the brief and orally), for the State.

*Jenifer Bensinger* and *Behzad Mirhashem,* assistant appellate defenders, of Concord (*Ms. Bensinger* on the brief, and *Mr. Mirhashem* orally), for the defendant.

MOHL, J., superior court justice, specially assigned under RSA 490:3. The defendant, Robert Dumont, appeals the decision of the Superior Court (*Fitzgerald,* J.) revoking his probation and imposing a previously suspended sentence of imprisonment. On appeal, the defendant argues that the trial court erred in: (1) preventing the defendant from presenting favorable evidence at the probation violation hearing on the issue of whether he violated the good conduct provision of his probation conditions; and (2) finding by a preponderance of the evidence that he violated his probation by not paying restitution and not going to counseling. We vacate and remand.

On March 9, 1994, the defendant pled guilty to five felony counts of criminal threatening. *See* RSA 631:4, I(c) (1996) (amended 1999). The defendant was sentenced to 104 days in the county jail on one count, and three-and-one-half to seven years in the New Hampshire State Prison, suspended, on the remaining four counts. The defendant was placed on probation for five years. The court also ordered the defendant to pay restitution.

In 1996, as a result of a probation violation, the superior court required the defendant to attend counseling. In addition, the defendant agreed, in writing, to pay twenty dollars every two weeks toward his restitution obligation.

Although the defendant completed some counseling, his probation officer later directed him to return to counseling. The defendant repeatedly canceled or failed to keep appointments. In addition, the defendant's restitution payments were sporadic, totaling less than half of what he should have paid at the time of the probation violation hearing.

On April 21, 1998, the defendant's probation officer filed a violation of probation with the superior court. The report alleged that the defendant violated the terms of his probation by failing to pay court-ordered restitution and by failing to attend counseling as required by his probation officer.

On May 8, 1998, Jennifer D'Allesandro, the sister of the defendant's estranged wife, filed an *ex parte* request for a domestic violence restraining order, RSA 173-B:4 (1994) (amended 1999), in the Nashua District Court, alleging that the defendant had verbally threatened her. The Nashua District Court immediately issued an *ex parte* temporary order restraining the defendant from having

contact with D'Allesandro. As a result, the defendant's probation officer filed a second violation on May 11, 1998, alleging that the defendant violated the good conduct provision of his probation by making a verbal threat against D'Allesandro. The probation officer based his report upon D'Allesandro's description of the events underlying the restraining order, and the fact that the district court found D'Allesandro to be "in immediate and present danger of abuse by the defendant."

After a hearing on the merits, the Nashua District Court entered final orders regarding D'Allesandro's domestic violence petition, finding, among other things, that the defendant had abused D'Allesandro within the meaning of RSA chapter 173-B (1994) (amended 1999).

On June 22, 1998, the superior court held a probation violation hearing on the pending violations. The defendant's probation officer testified about the defendant's nonpayment of restitution and noncompliance with the counseling obligation. In addition, the State introduced the domestic violence temporary and final restraining orders, and D'Allesandro testified about the events underlying those orders.

The defendant testified that he was willing to attend counseling and pay restitution but did not have the money to do either. The defendant also sought to testify about the events related to the domestic violence proceeding, and to call a witness who was present when the defendant allegedly threatened D'Allesandro.

The court ruled that the defendant was precluded from presenting evidence inconsistent with the judicial finding of abuse made after a final hearing by the district court. The court reasoned that the introduction of such evidence would invite inconsistent judicial findings, contrary to public policy and principles of collateral estoppel. Following the hearing, the court found the defendant chargeable on all three violations and sentenced him to three-and-one-half to seven years at the New Hampshire State Prison.

■ On appeal, the defendant first argues that his due process rights under Part I, Article 15 of the New Hampshire Constitution were violated when the court precluded him from presenting all proofs favorable to his case on the question of whether he violated the good conduct provision of his probation conditions. The defendant makes this argument only under Part I, Article 15 of the New Hampshire Constitution. Thus, no separate analysis is necessary under the United States Constitution, and we consider cases from the federal courts only as an analytical aid. *State v. Weeks*, 141 N.H. 248, 249, 681 A.2d 86, 88 (1996).

In *Stone v. Shea*, 113 N.H. 174, 176-77, 304 A.2d 647, 648-49 (1973), we held that the due process requirements set forth in *Morrissey v. Brewer*, 408 U.S. 471 (1972), for the revocation of parole are applicable to revocations of probation and suspended sentences. These requirements include "the opportunity to be heard in person and to present witnesses and evidence." *Stapleford v. Perrin*, 122 N.H. 1083, 1088, 453 A.2d 1304, 1307 (1982).

■ Probation may be revoked, consistent with the due process requirements enumerated in *Stapleford*, upon proof by a preponderance of the evidence that the defendant has violated the terms of his freedom. *Id.* at 1089, 453 A.2d at 1307. The State may satisfy this burden either "by establishing the fact of a criminal conviction for the acts which constitute the violation or by proof of the commission of the underlying acts." *State v. Weeks*, 141 N.H. 248, 251, 681 A.2d 86, 89 (1996) (quotation omitted).

The State argues that proof of a domestic violence restraining order alone is sufficient to establish that the defendant violated the good conduct provision of his probation conditions. We disagree. In *Moody v. Cunningham*, we noted that "[t]he procedural protections of *Stapleford* help to ensure that the fact-finder will make an accurate determination on the basis of reliable evidence and verified facts." *Moody v. Cunningham*, 127 N.H. 550, 554, 503 A.2d 819, 822 (1986). "In the absence of a criminal conviction, the fact-finder must make an independent determination that the defendant committed the alleged violations." *Id.* at 554, 503 A.2d at 821 (emphasis added). The higher burden of proof required for a criminal conviction makes evidence of such a conviction inherently reliable.

■ Because a restraining order is civil in nature, it is granted based upon proof by a preponderance of the evidence and does not, therefore, possess the additional reliability which would excuse a fact-finder from making its own independent determination. Accordingly, the trial court may not rely exclusively upon the findings of abuse contained in a civil restraining order, but must make an independent determination that the defendant engaged in the underlying conduct. *See id.*

■ Because the defendant in this case was denied the opportunity to testify and to present witnesses and evidence on the issue of whether he violated the good conduct provision of his probation, his due process rights under Part I, Article 15 of the New Hampshire Constitution were violated. The trial court's finding that the defendant violated the good conduct condition of his probation, therefore, must be vacated.

Next, we address the defendant's argument that the trial court erred in finding that he violated the terms and conditions of his probation by failing to continue counseling and by failing to make restitution payments.

"We give deference to a trial court's decision in probation revocation proceedings and reverse only where there has been an abuse of discretion. In order to prevail on appeal, the defendant must show that the evidence, viewed in the light most favorable to the State, fails to support the decision." *State v. Kochvi*, 140 N.H. 662, 664, 671 A.2d 115, 117, *cert. denied*, 519 U.S. 833 (1996) (citation and quotations omitted).

The defendant argues that there was insufficient evidence for the trial court to find that he willfully violated the conditions of probation requiring him to attend counseling and pay restitution. The defendant asserts that the evidence demonstrated that he was willing to attend counseling and pay restitution but could not financially afford to do either.

■ Once the State shows that the defendant failed to meet his restitution obligation and the probationer raises inability to pay as a defense to a probation violation, the court "must inquire into the reasons for the failure to pay." *State v. Fowlie*, 138 N.H. 234, 237, 636 A.2d 1037, 1039 (1994). The burden is then on the defendant to "demonstrate[] sufficient bona fide efforts to repay his debt." *Id.* (quotation omitted). This includes "the diligence exercised in pursuing those means." *Id.*

The defendant testified that he had difficulty making his restitution payments in 1997 because he was trying to catch up on past bills, which had built up during his recent incarceration. The defendant further testified that in early 1998, his wife quit her job and left school, resulting in a loss of income both from her employment and through school loans. The defendant testified that he continually scheduled counseling appointments, but had to cancel them for financial reasons.

The evidence presented by the State, however, showed that although the defendant met regularly with his probation officer, he never told the probation officer that his failure to make restitution payments was due to his financial problems, or that he was unable to attend counseling for similar reasons. On cross-examination, the defendant admitted that he made no restitution payments in January 1997 through May 1997, despite having received net earnings of approximately $940 in February 1997. In addition, the defendant acknowledged that he disagreed with his probation officer

about his need for counseling, and did not like being directed to a particular counseling center rather than being allowed to choose his own facility.

At the conclusion of the hearing, the trial court found that the defendant "failed to continue in the counseling, as directed by [his] probation officer, which was a specific condition of probation, that [he] did not take the necessary steps to do anything regarding financial matters to make an alteration of such condition or anything else at such time when [he] had an obligation to do so." With regard to the restitution obligation, the court found that "although there may have been occasions when [the defendant] could not have afforded restitution, that there were also occasions when [he] could have paid the restitution, had the ability to do so, and did not make such payments."

 Viewing the evidence in the light most favorable to the State, we conclude that there was sufficient evidence to support the trial court's finding that the defendant failed to make reasonable efforts to comply with his counseling and restitution obligations. Because the court was not persuaded that the defendant made "sufficient bona fide efforts" to make restitution payments and participate in counseling, the court was not obligated to consider alternatives to imprisonment before revoking the defendant's probation. *Fowlie*, 138 N.H. at 237, 636 A.2d at 1039.

Accordingly, we uphold the trial court's finding that the defendant violated the restitution and counseling conditions of his probation. Because the finding that the defendant violated the good conduct condition of his probation may have affected the trial court's decision on sentencing, however, we vacate and remand for further proceedings consistent with this opinion.

*Vacated and remanded.*

NADEAU and DALIANIS, JJ., concurred; GROFF, J., superior court justice, specially assigned under RSA 490:3, concurred; DUNN, J., retired superior court justice, sat for oral argument by special assignment under RSA 490:3 but did not take part in the final vote.