Manchester District Court
No. 98-378

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL LIEBER

March 7, 2001

*Philip T. McLaughlin*, attorney general (*N. William Delker*, assistant attorney general, on the brief and orally), for the State.

*Risa Evans*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

HORTON, J., retired, specially assigned under RSA 490:3. The defendant, Michael Lieber, was convicted of criminal contempt by the Manchester District Court (*Lyons*, J.) after he refused to be transported for a probable cause hearing. The defendant appeals the court's use of its direct contempt power to sanction him for failing to appear. We vacate and remand.

On March 30, 1998, the defendant, who was incarcerated at the New Hampshire State Prison, was scheduled to appear for a probable cause hearing before the district court. The defendant

received actual notice of the order scheduling the hearing at the time of his arraignment. When the defendant failed to appear for the hearing, the court entered an order citing him with criminal contempt. In the order, the court stated that it had been "informed that defendant . . . refused to be transported for the hearing." The court ordered the defendant to appear at a hearing on April 13 "to [s]how [c]ause why he [was] not in criminal contempt of this court's order directing him to appear on March 30, 1998," and appointed counsel to represent him at the hearing.

On April 13, the defendant appeared with his attorney before the district court and testified as to why he failed to appear on March 30. He explained that he had been transported back and forth between the district and superior courts on March 23 without attending any hearing and "sat around all day unfed." He stated that he thought "my lawyer can take care of this on his own," and that the transporting officer told him he did not "have to go." On cross-examination, the defendant stated that he had been told by the transporting officer that he had the option to refuse transportation and that he did in fact refuse to be transported.

During the hearing, the court made it clear that the defendant's testimony was "in the nature of [an] allocution" and that the burden was on the defendant to demonstrate that he was not in contempt. The court understood the defendant's testimony to constitute an excuse based on ignorance or mistake of the law, *see* RSA 626:3, II (1996), and found that the defendant failed to establish the necessary elements for such a defense. The court found that the "[d]efendant's allocution does not constitute cause for non appearance," and that the defendant was guilty of criminal contempt. The court then sentenced the defendant to six months in the house of correction with five months and fifteen days suspended "on condition that he commits no crimes and does not refuse transport to any further hearings in relation to his present status."

The defendant argues that his refusal to be transported could not have constituted direct contempt subject to summary proceedings because the elements of the offense did not occur in the presence of the court, and because his failure to appear "did not constitute a threat that immediately imperiled the administration of justice." *Town of Nottingham v. Cedar Waters, Inc.*, 118 N.H. 282, 285-86 (1978). Because "criminal contempt occurs as a result of the defendant's interference with the court's process or dignity, . . . the trial court's decision to utilize summary procedure should not be overturned unless an abuse of discretion is shown." *State v.*

*Martina*, 135 N.H. 111, 118 (1991) (quotation, citation and brackets omitted).

The parties agree that this case involves a question of criminal contempt, the elements of which are the existence of a valid order, the defendant's knowledge thereof, and the defendant's intentional failure to comply with the order. *See State v. Wallace*, 136 N.H. 267, 270-71 (1992). In general, a proceeding for criminal contempt must conform to "the formal requisites of . . . a criminal proceeding," *Martina*, 135 N.H. at 118, including "the issuance of process, service of complaint and answer, holding of hearings, taking of evidence, listening to arguments, filing of legal memoranda, [and] submission of findings," *Town of Nottingham*, 118 N.H. at 285. Exception to this rule can be had when a contempt is "committed in the presence of the court and in its immediate view, all elements of the contempt being clearly observable by the court." *Id.* In that case, the contempt is termed "direct." *Id.* Indirect contempt, in contrast, is "committed outside the presence of the court and without the judge having full personal knowledge of every element of the contempt. Establishment of the contempt thus depends upon proof of facts of which the court could not take judicial notice." *Id.*

In light of the court's personal knowledge of a contemnor's conduct and "because of the immediacy of the conduct and the need for prompt action," certain procedural formalities are bypassed in cases of direct contempt. *Id.* at 286. In such a case, the contemnor is entitled to

> oral notice of the conduct observed thought to constitute contempt . . . [and] an opportunity to speak in his defense. If the contemnor is found guilty the court may then pronounce sentence. The court must prepare, sign, and enter on the record an order of contempt, reciting the facts the court observed and which gave rise to the contempt.

*Id.*

In this case, the court had personally ordered the defendant to appear on March 30, and the defendant had received, in hand on the same day, the notice of hearing. The court also had personal knowledge of the defendant's failure to comply with the order to appear, having been on the bench at the time of the failure to appear. Proof of the defendant's intent, however, required the presentation of evidence. That the court "was told that [the defendant] refused transport," and later heard testimony from the defendant from which the court could conclude that the failure to appear was

intentional, is insufficient to justify, in retrospect, the use of summary proceedings. *See State v. Costantino*, 266 A.2d 33, 35 (R.I. 1970). Because not "all elements of the contempt [were] clearly observable by the court," *Town of Nottingham*, 118 N.H. at 285, any contempt was necessarily indirect, and the defendant was entitled to the procedural requirements attendant thereto. The court's decision to utilize summary procedure was an abuse of discretion.

Accordingly, we vacate the finding of contempt and remand to the district court for further proceedings consistent with this opinion. Given our disposition of this issue, we need not reach the defendant's remaining argument.

*Vacated and remanded.*

THAYER, J., sat for oral argument but resigned prior to the final vote; BROCK, C.J., and BRODERICK, J., concurred.