Lebanon District Court
No. 2002-301

### THE STATE OF NEW HAMPSHIRE

v.

### MARK NOTT

Submitted: December 16, 2002
Opinion Issued: April 4, 2003

*Philip T. McLaughlin,* attorney general (*Stephen D. Fuller,* senior assistant attorney general, on the brief), for the State.

*DesMeules, Olmstead & Ostler,* of Norwich, Vermont (*Timothy A. Clark* on the brief), for the defendant.

BRODERICK, J. The defendant, Mark Nott, appeals an order of the Lebanon District Court (*Cirone,* J.) finding him in indirect criminal contempt for violating a bail order issued by a bail commissioner. The defendant argues that violation of the order cannot be grounds for criminal contempt. We affirm.

The record supports the following facts. On January 14, 2002, the defendant was released on bail after his arrest by the Lebanon Police Department for two counts of harassment. *See* RSA 644:4 (Supp. 2002). The bail commissioner ordered him released with conditions, one of which required that he have no contact with the alleged victim and not go within one hundred yards of her. The defendant was arraigned on February 19 and the court issued an order of release that incorporated the prior bail conditions. On February 20, the State filed a motion for contempt in the Lebanon District Court, alleging that on February 18, while the bail commissioner's order was in effect, the defendant went within one hundred yards of the alleged victim and spoke with her. The court found the defendant in contempt. This appeal followed.

All arrested persons must be brought before a district court for arraignment within twenty-four hours of arrest, Sundays and holidays excepted. *See* RSA 594:20-a (2001). Any person arrested for a bailable offense, except in murder cases, may be released on bail prior to arraignment if a bail commissioner grants bail. RSA 597:18 (2001). Bail commissioners have the power to "fix the amount of and receive bail in the same manner as the court might do." *Id.* Violation of a condition of release "is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." RSA 597:7-a, II (2001). Furthermore, "[t]he state may commence a prosecution for contempt if the person has violated a condition of his release." RSA 597:7-a, IV (2001).

Contempt is a specific and substantive common law offense that is separate and distinct from the matter in litigation out of which the

contempt arose. *Rogowicz v. O'Connell*, 147 N.H. 270, 273 (2001). The elements of criminal contempt are the existence of a valid order, a defendant's knowledge of the order, and a defendant's intentional failure to comply with it. *See State v. Lieber*, 146 N.H. 105, 107 (2001). Criminal contempt differs from civil contempt in that its purpose is to protect the authority and vindicate the dignity of the court, *see State v. Wallace*, 136 N.H. 267, 270 (1992). By contrast, civil contempt is remedial and its purpose is to coerce the defendant into complying with a court order. *See id.* at 269. Indirect contempt is committed outside the presence of the court and without the judge having full personal knowledge of every element of the contempt. *See Lieber*, 146 N.H. at 107.

█ The defendant argues that contempt proceedings are not a proper enforcement mechanism for a violation of a bail commissioner's order under RSA chapter 597. Instead, he contends that the proper remedy for violation of a bail order is either bail revocation or a petition to modify or amend the bail conditions. We disagree. The purpose of criminal contempt is to punish a defendant for violating an order, not to coerce him into complying with it. Furthermore, the statute specifically contemplates prosecution for contempt of court as punishment for violating a condition of release. *See* RSA 597:7-a, II. Therefore, contempt proceedings are an appropriate mechanism for punishing a defendant's violation of conditions of release under RSA chapter 597.

█ We next address whether contempt is available as a sanction for violation of an order issued by a bail commissioner, as opposed to an order issued by a court. The defendant argues that the existence of a valid court order is the first element of the crime of criminal contempt, and because the bail commissioner's order is not a "court order," violation of the bail commissioner's order cannot serve as the basis for criminal contempt. We disagree. As we noted above, the purpose of the court's power to punish criminal contempt is to protect the authority and vindicate the dignity of the court. Thus, the question is not whether the order was issued by the court itself, but whether the authority and dignity of the court is threatened when such an order is violated. Bail commissioners are subordinate officers of the court, appointed by the superior and district courts with commissions of five years. *See* RSA 597:15, :15-a, :17 (2001). "A contempt against a subordinate officer appointed by a court, such as a commissioner, ordinarily is regarded as contempt of the authority of the appointing court, and the appointing court has power to punish such contempt." *Galyon v. Stutts*, 84 S.E.2d 822, 826 (N.C. 1954); *see also Marcus v. Workmen's Compensation Appeals Board*, 111 Cal. Rptr. 101, 104 (Ct. App. 1973); 17 Am. Jur. 2d *Contempt* § 270 (1990); 17 C.J.S.

*Contempt* § 54 (1999). Therefore, we hold that the Lebanon District Court had the power to punish the defendant's violation of the bail commissioner's order as criminal contempt.

*Affirmed.*

BROCK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.