STATE OF MAINE
CUMBERLAND, ss.

UNIFIED CRIMINAL DOCKET
DOCKET NO. CR-15-1855

STATE OF MAINE

v.

**ORDER**

GEORGE H. HEDERSON

George Hederson has been charged with violating a protection from abuse order (Count I) and domestic violence assault (Count II). Hederson moves to dismiss Count I on the grounds that a no-contact bail condition imposed by a New Hampshire court is not a protection order within the meaning of Maine's Domestic Protection from Abuse Act, 19-A M.R.S. §§ 4001-4014, ("the Act") and thus cannot serve as the basis for the criminal charge brought by the State.

The Act is civil rather than criminal in nature. *Cooke v. Naylor*, 573 A.2d 376, 377 (Me. 1990). Criminal penalties are only implicated where a valid protection order is in place and is violated. *Id.* at 378. To obtain a protection from abuse order, a plaintiff must prove an abuse allegation at a hearing by a preponderance of the evidence. 19-A M.R.S. § 4006. The court may grant a protection order upon finding the defendant committed the alleged abuse or engaged in the alleged conduct. 19-A M.R.S. § 4007. New Hampshire has a similar protection from abuse statute. *See* RSA 173-B:1. New Hampshire law also requires the court to hold a hearing where the complainant must prove abuse by a preponderance of the evidence. RSA 173-B:3.

On January 9, 2015, the State of New Hampshire charged the Defendant by criminal complaint with one count of Simple Assault. On January 29, a bail

1

commissioner set bail at $5,000 and the Defendant was ordered to have no contact with the victim. The victim did not obtain a protection from abuse order pursuant to RSA 173-B:1.

In order to be charged with violating a protection from abuse order, the Defendant must have been subject to such an order. Although a protection from abuse order and a condition of release prohibiting contact often have the same purpose and commands, they are distinct and are penalized separately. *State v. Falcone*, 2000 ME 196, ¶ 7 n.2, 760 A.2d 1046. They are also different procedural requirements to impose them.

The central issue presented by the Defendant's motion to dismiss is whether the bail condition is "[a] temporary, emergency, interim or final protective order, an order of a tribal court of the Passamaquoddy Tribe or the Penobscot Nation or a similar order issued by a court of the United States or of another state, territory, commonwealth or tribe." 19-A M.R.S. § 4011(1)(A). The court concludes that because no protection order has been issued pursuant to RSA 173-B:1 or 19-A M.R.S. § 4007, the Defendant has not violated a protection order within the meaning of the Act and therefore may not be prosecuted pursuant to Section 4011. The Defendant may instead be in violation of a bail condition, for which the State of New Hampshire can initiate its own proceedings. *See State v. Nott*, 821 A.2d 976, 978 (N.H. 2003).

In light of the foregoing, Count I must be dismissed.

The clerk shall make the following entry, by reference, on the docket:

The Defendant's motion to dismiss Count I is GRANTED.

Dated: August 4, 2015

Hon. Joyce Wheeler
Active Retired Justice, Superior Court

A True Copy
Attest: _____ 
Clerk of Courts

STATE OF MAINE
vs
GEORGE H HEDERSON
672 GARDNER HILL RD
TAMWORTH NH 03886

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No    CUMCD-CR-2015-01855

**DOCKET RECORD**

DOB: 05/23/1965
Attorney:    DEVENS HAMLEN                              State's Attorney:    STEPHANIE ANDERSON
             HEMINWAY HAMLEN LAW CENTER PA
             22 MONUMENT SQUARE SUITE 404
             PO BOX 4784
             PORTLAND ME 04101
             APPOINTED 04/06/2015

Filing Document:    CRIMINAL COMPLAINT              Major Case Type:  MISDEMEANOR (CLASS D,E)
Filing Date:        04/06/2015

**Charge(s)**

1   VIOLATING PROTECTION FROM ABUSE ORDER                    04/04/2015      PORTLAND
Seq 12972        19-A   4011(1)               Class D
JAYNES                               /    POR
2   DOMESTIC VIOLENCE ASSAULT                                04/04/2015      PORTLAND
Seq 11286        17-A   207-A(1)(A)           Class D
JAYNES                               /    POR

**Docket Events:**

04/06/2015  FILING DOCUMENT - CRIMINAL COMPLAINT FILED ON 04/06/2015

04/06/2015  Charge(s):  1,2
            HEARING - ARRAIGNMENT SCHEDULED FOR 04/06/2015 at 01:00 p.m. in Room No. 1

            NOTICE TO PARTIES/COUNSEL
04/07/2015  Charge(s):  1,2
            HEARING - ARRAIGNMENT HELD ON 04/06/2015
            THOMAS D WARREN , JUSTICE
            DA: TRACY GORHAM
            Defendant Present in Court
            DEFENDANT INFORMED OF CHARGES.  21 DAYS TO FILE MOTIONS            TAPE CTRM 1
04/07/2015  Charge(s):  1,2
            PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 04/06/2015
            THOMAS D WARREN , JUSTICE
04/07/2015  BAIL BOND - $10,000.00 CASH BAIL BOND SET BY COURT ON 04/06/2015
            THOMAS D WARREN , JUSTICE
            NO THIRD PARTY CASH BAIL. NO CONTACT JACQUELINE CARELLI 5/16/92. DRUG AND ALCOHOL CONDITIONS.
04/07/2015  Party(s):    GEORGE H HEDERSON
            ATTORNEY - APPOINTED ORDERED ON 04/06/2015

            Attorney: DEVENS HAMLEN
04/07/2015  HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 06/17/2015 at 08:30 a.m. in Room No. 7

04/07/2015  Charge(s):  1,2
            TRIAL - JURY TRIAL SCHEDULED FOR 07/27/2015 at 08:30 a.m. in Room No. 11

            NOTICE TO PARTIES/COUNSEL
06/17/2015  HEARING - DISPOSITIONAL CONFERENCE HELD ON 06/17/2015
            WILLIAM  BRODRICK , JUSTICE
            Attorney: DEVENS HAMLEN
            DA: KATHERINE TIERNEY
            CONF HELD, OFFER MADE.                        ATTORNEY WILL FILE MOTIONS. HEARING SET FOR 7-7-

06/24/2015 MOTION - MOTION TO CONTINUE FILED BY STATE ON 06/22/2015

MOTION HEARING 7-7-15.
06/26/2015 MOTION - MOTION TO DISMISS FILED BY DEFENDANT ON 06/24/2015

06/29/2015 HEARING - MOTION TO DISMISS SCHEDULED FOR 07/07/2015 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
06/29/2015 HEARING - MOTION TO DISMISS NOTICE SENT ON 06/29/2015

06/30/2015 MOTION - MOTION TO CONTINUE GRANTED ON 06/29/2015
ROLAND A COLE , JUSTICE
COPY TO PARTIES/COUNSEL
06/30/2015 HEARING - MOTION TO DISMISS CONTINUED ON 06/29/2015
ROLAND A COLE , JUSTICE
06/30/2015 HEARING - MOTION TO DISMISS SCHEDULED FOR 07/14/2015 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
06/30/2015 HEARING - MOTION TO DISMISS NOTICE SENT ON 06/30/2015

07/15/2015 HEARING - MOTION TO DISMISS HELD ON 07/14/2015
JOYCE A WHEELER , JUSTICE
Attorney: DEVENS HAMLEN
DA: KATHERINE TIERNEY
Defendant Present in Court
FTR CR#1
07/15/2015 MOTION - MOTION TO DISMISS UNDER ADVISEMENT ON 07/14/2015
JOYCE A WHEELER , JUSTICE
07/15/2015 CASE STATUS - CASE FILE LOCATION ON 07/14/2015
DANIELLE MERRILL , ASSISTANT CLERK
FILE IS WITH J. WHEELER. TAKEN UNDER ADVISEMENT ON MOTION TO DISMISS.
07/24/2015 Charge(s): 1,2
TRIAL - JURY TRIAL CONTINUED ON 06/17/2015

07/24/2015 Charge(s): 1,2
TRIAL - JURY TRIAL SCHEDULED FOR 08/10/2015 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL
08/04/2015 CASE STATUS - CASE FILE RETURNED ON 08/04/2015

08/04/2015 MOTION - MOTION TO DISMISS GRANTED ON 08/04/2015
JOYCE A WHEELER , JUSTICE
COPY TO PARTIES/COUNSEL
08/04/2015 Charge(s): 1
FINDING - DISMISSED BY COURT ENTERED BY COURT ON 08/04/2015
JOYCE A WHEELER , JUSTICE
MOTION TO DISMISS COUNT ONE IS GRANTED.

A TRUE COPY
ATTEST: _____
        Clerk