Merrimack
No. 99-472

### THE STATE OF NEW HAMPSHIRE

v.

### LON COOPER

March 16, 2001

*Philip T. McLaughlin*, attorney general (*N. William Delker*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

### MEMORANDUM OPINION

GROFF, J., superior court justice, specially assigned under RSA 490:3. The State appeals an order of the Superior Court (*Manias*, J.) denying its motion to bring forward the defendant's suspended sentence. We affirm.

On January 19, 1993, the defendant, Lon Cooper, pleaded guilty to five counts of aggravated felonious sexual assault. *See* RSA 632-A:2 (1996). On the first count, he was sentenced to four to eight years in the New Hampshire State Prison, stand committed. On the second count, he was sentenced to five to ten years in prison, "suspended during good behavior and compliance with all terms and conditions" of the sentencing order. This sentence could be brought forward at any time for ten years following the defendant's release from the first sentence. As to the remaining counts, the defendant was sentenced to five to ten years in prison, "suspended during good behavior and compliance with all terms and conditions" of the sentencing order. The remaining conditions included in the sentencing order were that the defendant would complete the Adult Sexual Offender Program and that he would have no contact with the victim.

On September 13, 1996, the defendant was released on parole from his first sentence, subject to a number of conditions. On January 15, 1999, the defendant was arrested for violating the conditions of his parole. After a hearing before the parole board on February 16, 1999, the defendant's parole was revoked.

On March 18, 1999, the State moved to bring forward and impose the defendant's suspended sentences, arguing that the defendant's violation of his parole conditions also violated the condition of good behavior in his suspended sentences. The trial court denied the State's motion on the grounds that the definition of good behavior is limited to conduct conforming to the law, and because the defendant was not otherwise notified, at the time of sentencing, that a violation of his parole conditions would also constitute a violation of good behavior. This appeal followed.

On appeal, the State argues that the trial court erred in ruling that it must prove the defendant violated the law in order to establish a violation of the condition of good behavior. The State also argues that the defendant had actual notice that his conduct, which led to his parole revocation, was also violative of the condition of good behavior. We review a trial court's decision to impose a suspended sentence for an abuse of discretion. *See State v. Kierstead*, 141 N.H. 803, 804 (1997).

In *State v. Budgett*, 146 N.H. 135 (2001), we held today that good behavior is defined as conduct conforming to the law. Thus, the trial court did not err in ruling that the State must prove the defendant violated the law in order to establish a violation of the condition of good behavior.

 In addition, the trial court did not err in finding that the defendant did not have actual notice that his conduct would violate the condition of good behavior in his suspended sentence order. The conditions set forth in the defendant's two suspended sentences were that he: 1) complete the sex offender program at the State Prison; 2) refrain from contacting the victim; and 3) be of "good behavior." Subsequently, when the defendant was released on parole, he was given a list of new conditions that would govern his parole. Based on this sequence of events, the defendant could not have been aware, at the conclusion of the sentencing proceeding, that good behavior would include later parole conditions. In this case, to impose the defendant's suspended sentences based upon his parole violations would be inconsistent with principles of notice and certainty in the sentencing process. *See State v. Burgess*, 141 N.H. 51, 52 (1996); *State v. Ingerson*, 130 N.H. 112, 116 (1987).

Accordingly, we hold that the trial court did not abuse its discretion in denying the State's motion to bring forward the defendant's suspended sentence.

*Affirmed.*

BRODERICK, NADEAU and DALIANIS, JJ., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.