Grafton
No. 2007-649

THE STATE OF NEW HAMPSHIRE

v.

NATHANIEL GIBBS

Argued: June 26, 2008
Opinion Issued: July 25, 2008

*Kelly A. Ayotte*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Theodore Lothstein*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

GALWAY, J. The defendant, Nathaniel Gibbs, appeals an order of the Superior Court (*Burling,* J.) imposing his suspended sentence for violating its condition of good behavior. We affirm.

The record supports the following facts. In September 2004, the defendant pled guilty to a misdemeanor count of possession of a controlled drug, and was sentenced to twelve months in the house of correction, all suspended upon the condition that he be of good behavior for two years, with one year of probation. In 2006, the defendant was charged with simple assault on a police officer, resisting arrest, disobeying a police officer, simple assault, and driving while intoxicated, all arising out of an incident that occurred in May of that year. The State moved to impose the suspended sentence on the 2004 drug conviction based upon these allegations, asserting that the May 2006 incident violated its condition of good behavior. The defendant moved to continue the hearing on the State's motion to impose until the conclusion of trial on the May 2006 charges, which the trial court granted.

The resisting arrest, disobeying a police officer, and two assault charges were tried to a jury before Judge Burling. The jury acquitted the defendant of all four charges, and the State *nol prossed* the driving while intoxicated charge.

Judge Burling subsequently held a hearing on the State's motion to impose the defendant's suspended sentence. The trial court ultimately imposed six months of the suspended sentence, stating:

> [T]he Court finds that the Court has authority to order a suspended sentence to be imposed under the facts of this case in which the defendant was tried before a jury, found not guilty of four charges, that the Court acts as a fact finder on a motion to bring forward, and that I find that by a preponderance of the evidence the defendant . . . was not of good behavior . . . .

The trial court further noted that it made "an independent decision based on the facts that were presented at trial," and was "not influenced by the jury verdict, because this is a separate proceeding."

On appeal, the defendant challenges the trial court's use of the evidence presented at trial that resulted in his acquittals as the sole basis for imposing his suspended sentence. He argues that, pursuant to *State v. Cote,* 129 N.H. 358 (1987), the trial court is not permitted to rely upon such conduct. He further argues that if *Cote* does not serve as an absolute bar to such consideration, the trial court must be required to articulate what additional evidence, not presented to the jury, justifies its determination. In the alternative, the defendant asserts that, even if the trial court correctly

relied upon the evidence that resulted in his acquittal, the ruling must be reversed because it violated his right to due process.

■ A suspended sentence may be revoked "upon proof by a preponderance of the evidence of a violation of the condition upon which the sentence was suspended." *State v. Weeks*, 141 N.H. 248, 251 (1996). When, as here, the condition was to be of good behavior, the State's burden of proof is satisfied "either by establishing the fact of a criminal conviction for the acts which constitute the violation or by proof of the commission of the underlying acts." *Id.* (quotation omitted) We review a trial court's decision to impose a suspended sentence for an unsustainable exercise of discretion. *State v. Cooper*, 146 N.H. 140, 141 (2001); *cf. State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

■ In *Cote*, we determined that a trial court may not consider criminal conduct for which the defendant was acquitted for purposes of sentencing. *Cote*, 129 N.H. at 376. In that case, the defendant was convicted of three sexual assault charges arising from a single incident, and acquitted of five other sexual assault charges arising from a different incident. *Id.* at 362, 364. In sentencing the defendant, however, the trial court apparently considered the acquitted conduct, noting that the charges of which the defendant was convicted "did not represent an isolated incident." *Id.* at 364. In vacating the sentence, we concluded that it is "disingenuous at best to uphold the presumption of innocence until proven guilty . . . while at the same time punishing a defendant based upon charges in which that presumption has not been overcome." *Id.* at 375.

The defendant asserts that *Cote* applies equally to the imposition of a suspended sentence based upon the "meaning and effect of an acquittal" as defined in that case. He further argues that consideration of acquitted conduct under these circumstances diminishes the underlying jury verdict, as a conflicting determination by the trial court necessarily implies the jury's verdict was inaccurate. We disagree.

■ *Cote* involved the enhancement of a sentence based upon acquitted conduct. *Cote*, 129 N.H. at 376. The act of sentencing is, in part, punitive. *See State v. Tufts*, 136 N.H. 517, 520 (1992). Thus, by relying upon the acquitted charges in sentencing, the court improperly *punished* that defendant for the acquitted conduct. However, the imposition of an existing suspended sentence for failing to meet a condition of its suspension merely implements a sentence under its original terms. Thus, unlike in *Cote*, the trial court here did not consider the defendant's acquitted conduct for a punitive purpose, but, rather, to make an independent judgment regarding the defendant's compliance with the conditions of his suspended sentence.

In that sense, the imposition of a suspended sentence is the remedy for a defendant's noncompliance, not a punishment for the underlying acts. *Cf. Weeks*, 141 N.H. at 251 (defendant imprisoned for violating conditions of suspension, not underlying acts). We conclude this process is fundamentally different from that of an initial sentence, and, consequently, that *Cote* is inapplicable here.

The Supreme Court of Virginia has held that the imposition of a suspended sentence is remedial. *See Peyton v. Com.*, 604 S.E.2d 17, 19 (Va. 2004). Further, several jurisdictions have determined in analogous contexts that a revocation of this type is remedial, rather than punitive. As one court noted in the context of parole revocation:

> It is well established that parole revocation is not part of a criminal prosecution. Revocation of parole is remedial rather than punitive, since it seeks to protect the welfare of parolees and the safety of society. The termination of parole results in a deprivation of liberty and thus is a grievous loss to the parolee. But the harshness of parole revocation does not alter its remedial nature.

*Standlee v. Rhay*, 557 F.2d 1303, 1306 (9th Cir. 1977) (citations omitted); *see also United States v. Brown*, 59 F.3d 102, 104-05 (9th Cir. 1995); *United States ex rel. Carrasquillo v. Thomas*, 527 F. Supp. 1105, 1110 (S.D.N.Y. 1981), *aff'd*, 677 F.2d 225 (2d Cir. 1982). Although decided in the context of parole or probation revocation, we conclude these cases are sufficiently similar to the imposition of a suspended sentence as to be instructive here. *See, e.g., People v. Scura*, 72 P.3d 431, 434 (Colo. Ct. App. 2003) (holding revocation of a suspended sentence analogous to revocation of probation); *Brennan v. Cunningham*, 126 N.H. 600, 604 (1985) (noting the similar conditional liberty associated with suspension of sentence, parole, and probation).

Additionally, other jurisdictions have recognized that the liberty associated with probation and parole is in the nature of a privilege afforded to the defendant, rather than a right to which he is entitled. *See, e.g., People v. Moses*, 64 P.3d 904, 906-07 (Colo. Ct. App. 2002), *cert. denied*, 64 P.3d 904 (Colo. 2003); *Townsend v. State*, 509 S.W.2d 311, 312-13 (Ark. 1974). This proposition is consistent with New Hampshire law, and further supports our determination that the imposition of a suspended sentence is remedial rather than punitive. *See State v. LeCouffe*, 152 N.H. 148, 152-53 (2005) (no right to suspension of sentence); *Baker v. Cunningham*, 128 N.H. 374, 380 (1986) (no right to parole); *State v. Drewry*, 141 N.H. 514, 516 (1996) (revocation of a privilege is a traditional attribute of a remedial action).

The defendant correctly notes that *Cote* provides greater protection than that provided to a defendant in *United States v. Watts*, 519 U.S. 148, 156-57

(1997), where the United States Supreme Court held that a sentencing court may consider acquitted conduct in determining a proper sentence. However, *Watts* is inapposite to our consideration here because *Watts*, like *Cote*, involved an initial sentencing proceeding: a punitive act separate and distinct from the remedial act of imposing a suspended sentence.

■ The defendant further argues that a decision allowing consideration of acquitted conduct under these circumstances diminishes the deference afforded to jury verdicts in that the trial court's contradictory finding "necessarily implied that the jury's verdicts were inaccurate." We disagree. Contrary to the defendant's assertion, the trial court's determination did not imply the jury's verdict was inaccurate. As the trial court correctly noted, the motion to impose is a separate proceeding, with a different, lesser, burden of proof. *See Weeks*, 141 N.H. at 251. Thus, the trial court independently evaluated the evidence before it to determine whether the State proved, by a preponderance of the evidence, that a violation of the suspension conditions had occurred. This in no way reflects upon the jury's separate task of determining whether, beyond a reasonable doubt, the defendant committed the alleged crimes.

■ Accordingly, we conclude that the trial court's consideration of the evidence presented at trial regarding the acquitted conduct was proper for purposes of imposing his suspended sentence. Furthermore, that determination was properly premised solely upon the evidence adduced at trial.

Finally, the defendant asserts that the trial court's ruling violated his right to due process because we have held that sentencing hearings create settled expectations. The defendant contends that, based upon *Cote*, he had a reasonable expectation that conduct of which he had been acquitted could not be used to impose his suspended sentence. However, the defendant misconstrues the meaning of *Cote*. As we articulated above, there is a significant distinction between the original sentence at issue in *Cote* and the imposition of a suspended sentence. Therefore, the defendant's reliance upon *Cote* is misplaced, and the trial court's consideration of his acquitted conduct did not violate due process.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.