Nashua District Court
No. 2008-868

# THE STATE OF NEW HAMPSHIRE

v.

# JAMES KELLY

Argued: October 15, 2009
Opinion Issued: November 17, 2009

*Orville B. Fitch, II*, acting attorney general (*Stephen D. Fuller*, senior assistant attorney general, on the brief, and *Elizabeth C. Woodcock*, assistant attorney general, orally), for the State.

*Paul Borchardt*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

DALIANIS, J. The defendant, James Kelly, appeals an order of the Nashua District Court (*Bamberger*, J.) imposing his previously deferred sentence. We affirm.

The record evidences the following facts. In 2006, the defendant was found guilty of violating a protective order. He was sentenced to serve twelve months in jail, with the sentence deferred for one year. In August 2008, the defendant was found guilty of violating a protective order for conduct that occurred in October 2006. He appealed the 2008 conviction to this court; his appeal is currently pending.

Based only upon the 2008 conviction, the State asked the court to impose the previously deferred sentence. The defendant argued that the court could not impose the deferred sentence based upon the 2008 conviction alone because his appeal of that conviction was still pending. The trial court disagreed, and imposed the deferred sentence. This appeal followed.

The sole issue for our review is whether the trial court erred by imposing the previously deferred sentence based only upon a non-final conviction. We review a trial court's imposition of a deferred sentence for an unsustainable exercise of discretion. *See State v. Gibbs*, 157 N.H. 538, 540 (2008) (standard of review for decisions to impose suspended sentences).

We have previously held that there is a condition of good behavior implied in deferred and suspended sentences. *State v. Auger*, 147 N.H. 752, 753 (2002). "Good behavior" is limited to conduct conforming to the law. *State v. Palermo*, 146 N.H. 144, 146 (2001). A deferred sentence may be imposed upon proof by a preponderance of the evidence of a violation of the condition upon which the sentence was deferred. *See Gibbs*, 157 N.H. at 540 (referring to suspended sentences). "To impose a suspended or deferred sentence on the ground that the defendant has violated . . . [a] condition of good behavior, a trial court must find that the defendant engaged in criminal conduct." *Auger*, 147 N.H. at 753. When a sentence has been deferred upon a condition of good behavior, the State satisfies its burden of proof "*either* by establishing the fact of a criminal conviction for the acts which constitute the violation *or* by proof of the commission of the underlying acts." *Gibbs*, 157 N.H. at 540 (quotation omitted; emphases added).

The defendant argues that, in this case, evidence of his non-final conviction was insufficient, standing alone, to prove that he violated the

condition of good behavior. Absent "proof of the commission of the underlying acts," he argues, the trial court erred by imposing the deferred sentence. *Id.* (quotation omitted); *see Moody v. Cunningham*, 127 N.H. 550, 553-54 (1986) (holding evidence of criminal indictment was insufficient, standing alone, to justify imposing suspended sentence; "[i]n the absence of a criminal conviction, the fact-finder must make an independent determination that the defendant committed the alleged violations").

■■■ This precise issue is one of first impression in New Hampshire. We, therefore, look to other jurisdictions for guidance. *See State v. Legere*, 157 N.H. 746, 752 (2008), *cert. denied*, 129 S. Ct. 1623 (2009). In the related context of revocation of probation, "[t]he great weight of authority in this country permits the revocation of probation based solely upon the probationer's subsequent criminal conviction, even though that conviction is pending on appeal." *Hutchinson v. State*, 438 A.2d 1335, 1336 (Md. 1982) (citing cases); *see United States v. Gentile*, 610 F.2d 541, 542 (8th Cir. 1979) ("Federal courts have consistently ruled that a criminal conviction provides sufficient grounds for revocation of probation even though an appeal from the conviction is still pending."); *see also* 6 W. LAFAVE ET AL., CRIMINAL PROCEDURE § 26.10(c), at 890 (3d ed. 2007). The reason for this rule was well stated in *Roberson v. State of Connecticut*, 501 F.2d 305, 308 (2d Cir. 1974):

> A criminal conviction after a trial at which the probationer was entitled to all the protections afforded a criminal defendant including formal rules of evidence, the right to assigned counsel if indigent, and the requirement that the state establish guilt beyond a reasonable doubt certainly affords a more than sufficient basis for revocation of probation, even if that conviction is still awaiting appellate review.

"The rationale is that a judgment of conviction is presumed correct and that a probationer should not be insulated from having his probation revoked during the frequently extended process of appellate review." 6 LAFAVE, *supra* § 26.10(c), at 890-91 (quotations omitted).

■■ We find the reasoning of the *Roberson* court persuasive, and, therefore, hold that a trial court does not err by imposing a deferred sentence based solely upon evidence of a conviction that has been appealed. While we recognize that there is a "risk of unfairness" to a defendant whose freedom is taken away because of a conviction that is later reversed, we find competing policies more compelling under these circumstances. *Roberson*, 501 F.2d at 308. As one court has explained:

To hold otherwise would adversely affect the administration of our criminal justice system, to the potential detriment of both the public and the probationer. If we recognized a right to suspension of a revocation order during the pendency of the appeal from the subsequent conviction, we would run the risk of releasing repeat offenders into the community to await the outcome of the appellate process. To avoid this, the authorities would rely more heavily on the less formal probation revocation hearings held before trial, at which the [State] do[es] not have the burden of proof beyond a reasonable doubt, evidentiary rules are relaxed and following which the probationer could be incarcerated immediately.

*People v. Avery*, 225 Cal. Rptr. 319, 322 (Ct. App. 1986) (citations omitted); *see Roberson*, 501 F.2d at 308-09 (commenting that it would create a "constitutional anomaly" to treat a probationer who had already received a full criminal trial on an offense justifying revocation of probation more favorably than a probationer who is found to have committed such an offense on the basis of the independent evidence introduced at a relatively informal revocation hearing).

To the extent that the defendant argues that our decision in *Stapleford v. Perrin*, 122 N.H. 1083 (1982), precludes us from adopting the *Roberson* rule, he is mistaken. The issue in *Stapleford* was whether the defendant had received sufficient due process in a proceeding in which the prosecution sought to bring forward a previous conviction that had been marked "Continued for Sentence." *Stapleford*, 122 N.H. at 1086-87 (quotation omitted). Because the process afforded the defendant did not include the procedural protections we held were mandatory, we vacated the trial court's decision and remanded for the court to give the defendant the process he was due. *Id.* at 1089.

One of the reasons the process afforded the *Stapleford* defendant was constitutionally infirm was that the State offered "no evidence" to support its motion, but relied merely upon the prosecutor's statement reciting the defendant's arrest record and the fact that he had been convicted of a misdemeanor and that this conviction was on appeal. *Id.* at 1086. Contrary to the defendant's assertions, in *Stapleford* we never addressed the merits of the trial court's decision; we never opined about whether actual evidence of, instead of a prosecutor's unsupported statement about, a conviction pending appeal constituted sufficient proof that a defendant violated a condition of good behavior. *Stapleford*, therefore, provides no support for the defendant's position.

Alternatively, the defendant argues that even if a non-final conviction is sufficient proof that a defendant has violated a condition of good behavior,

we should require trial courts to stay imposing a deferred or suspended sentence until the conviction becomes final. This is necessary, he asserts, to "prevent a defendant from serving an imposed sentence based on a conviction this Court later finds illegitimate." He concedes that he has not yet served his deferred sentence because he was released on bail pending the instant appeal.

We decline the defendant's invitation to adopt his proposed general rule. As the State rightly argues: "To the extent a defendant facing a deferred or suspended sentence has unique circumstances justifying a stay, he is free to petition the trial court or this Court to ask for one." We also decline his invitation to issue an advisory opinion regarding the impact that a reversal of his 2008 conviction would have upon his deferred sentence. The defendant's appeal of the 2008 conviction remains pending. "This court . . . decides actual cases, not hypothetical ones." *In the Matter of Jacobson & Tierney*, 150 N.H. 513, 519 (2004) (Nadeau, J., dissenting).

At oral argument, the defendant contended that the trial court erred by refusing to allow him to attack the 2008 conviction collaterally. To the extent that this argument differs from those we have addressed, it is insufficiently developed for our review. *See State v. Blackmer*, 149 N.H. 47, 49 (2003). To the extent that the defendant implied at oral argument that the process he received at the deferred sentence hearing was constitutionally infirm, he has not briefed this argument, and we deem it waived. *See State v. Fortier*, 146 N.H. 784, 792 (2001).

*Affirmed.*

BRODERICK, C.J., and DUGGAN, HICKS and CONBOY, JJ., concurred.