Merrimack
No. 2010-685

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL B. SMITH

Argued: September 28, 2011
Opinion Issued: December 14, 2011

*Michael A. Delaney,* attorney general (*Nicholas Cort,* assistant attorney general, on the brief and orally), for the State.

*Lisa L. Wolford,* assistant appellate defender, of Concord, on the brief and orally, for the defendant.

LYNN, J. The defendant, Michael Smith, appeals an order of the Superior Court (*Smukler,* J.) imposing portions of previously suspended sentences for felony convictions. We affirm.

The pertinent facts and procedural posture, as established by the record, are as follows. In February 2008, the defendant was charged with six class A misdemeanors. One charge, for criminal mischief, alleged that the defendant had damaged Danyelle Nichols's apartment. Subsequently, in March and April 2008, the defendant was indicted on six felony charges. One indictment, for witness tampering, alleged that the defendant attempted to influence Nichols's testimony in a domestic violence petition. The defendant pleaded guilty to the felony charges in December 2009. On three of the felony charges, docket numbers 08-S-753, -755, and -756, the defendant was sentenced to concurrent terms of between two and seven years at the state prison, with six months of the minimum and all of the maximum terms suspended for seven years. On the other three felony charges, docket numbers 08-S-491, -750, and -760, the defendant was sentenced to concurrent terms of between two and five years at the state prison, all suspended for a period of five years from release from his stand-committed prison sentences in docket numbers 08-S-753, -755, and -756, and consecutive to those sentences if imposed.

The sentencing orders in docket numbers 08-S-753, -755, and -756 contained the following provision:

> Suspensions are conditioned upon good behavior and compliance with all of the terms of this [order.] . . . Failure to comply with these conditions may result in the imposition of any suspended or deferred sentence. . . . The defendant is ordered to be of good behavior and comply with all the terms of this sentence.

In January 2010, the defendant pleaded guilty to the six misdemeanor charges and was sentenced to concurrent terms of six months in jail, these sentences also running concurrently with his felony sentences in docket numbers 08-S-753, -755, and -756. The misdemeanor sentencing orders

included the same language as the felony sentencing orders and prohibited the defendant from contacting Danyelle Nichols.

Once incarcerated, the defendant attempted to contact Nichols through the prison's telephone system. Although the prison's system blocked his call, the State moved to impose the suspended sentences of all six felony convictions, arguing that the attempted call violated the condition of good behavior in those sentences. The superior court agreed that the call violated the good behavior condition, finding the call "in effect, an attempted indirect criminal contempt of the [misdemeanor] court orders"; consequently, it imposed six months of the minimum and one year of the maximum sentences in docket numbers 08-S-753, -755, and -756, leaving the other sentences suspended. This appeal followed.

The defendant argues that the superior court erred by imposing a portion of the suspended felony sentences based on his violation of the no-contact condition in his misdemeanor sentences because: (1) violation of the no-contact order is not a crime and, therefore, is not a violation of the condition of good behavior in his felony sentences; (2) it did so prior to determining whether the attempted call constituted criminal or non-criminal contempt; (3) there was insufficient evidence to prove the defendant violated the no-contact condition because his call never connected; and (4) when his felony sentences were imposed, he lacked notice that violating the conditions of his later misdemeanor sentences could result in imposition of portions of the suspended felony sentences. We examine his arguments in turn.

I

The defendant first argues that he did not violate the condition of good behavior in his felony sentencing orders because contempt of court is not a crime under the Criminal Code. He contends that criminal contempt is only considered a crime for purposes of establishing that a defendant charged with criminal contempt must be afforded the same due process guarantees as in ordinary criminal proceedings. We disagree.

We review the trial court's application of the law to the facts *de novo. See State v. City of Dover*, 153 N.H. 181, 185 (2006).

"To impose a suspended or deferred sentence on the ground that the defendant has violated . . . [a] condition of good behavior, a trial court must find that the defendant engaged in criminal conduct." *State v. Kelly*, 159 N.H. 390, 391 (2009) (quotations omitted). Violation of a sentence condition that occurs outside the presence of the court can constitute indirect criminal contempt of court. *Cf. State v. Nott*, 149 N.H. 280, 282 (2003). "Criminal contempt differs from civil contempt in that its purpose is to

protect the authority and vindicate the dignity of the court . . . ." *Id.* (quotations and citations omitted). A defendant convicted of criminal contempt "may be imprisoned for a determinate amount of time without the ability to purge the sentence because incarceration is punitive and not for the purpose of compelling the defendant to comply with a court order." *State v. Wallace*, 136 N.H. 267, 270 (1992).

■ ■ We have long recognized that criminal contempt amounts to criminal conduct. *See State v. Goodnow*, 140 N.H. 38, 40 (1995) ("Having been found in criminal contempt and sentenced therefor to imprisonment, the defendant has been punished for a criminal offense."). "Contempt is an offense at common law — a specific and substantive offense that is separate and distinct from the matter in litigation out of which the contempt arose." *In the Matter of Kosek & Kosek*, 151 N.H. 722, 726 (2005). We have expressly rejected the argument that contempt is not a crime simply because it is not defined in the Criminal Code. *See State v. Martina*, 135 N.H. 111, 116 (1991) ("RSA 625:6 does not in any way abolish the common law *crime* of criminal contempt . . . ." (emphasis added)). Similarly, the United States Supreme Court has consistently treated criminal contempt as a crime. *See, e.g., Mine Workers v. Bagwell*, 512 U.S. 821, 826 (1994) ("Criminal contempt is a crime in the ordinary sense . . . ."). Thus, having attempted to violate the no-contact order in the misdemeanor sentences, the defendant engaged in criminal conduct and violated the condition of good behavior in his felony sentencing orders.

II

■ Next, the defendant argues that the superior court prematurely convicted him of criminal contempt since it did so without holding a hearing to determine whether his contempt was, in fact, criminal or merely a violation-level offense. He argues that since contempt has no fixed penalty and its seriousness is only judged in retrospect based upon the punishment given, the superior court improperly imposed his suspended felony sentences without having held a hearing to determine the severity of his underlying offense. However, *conviction* of a crime is not a prerequisite to the imposition of a suspended sentence. Rather, when imposing portions of a previously suspended sentence, a trial court need only find, by a preponderance of the evidence, that the defendant *committed* a violation of a suspension condition. *State v. Gibbs*, 157 N.H. 538, 542 (2008). The State can meet this burden "either by establishing the fact of a criminal conviction for the acts which constitute the violation or by proof of the commission of the underlying acts." *Id.* at 540. The mere fact that the classification of a contempt as criminal depends on the sentence actually imposed does not change this analysis because the law regarding criminal

contempt is well-established and thus the defendant was on sufficient notice that his knowing violation of a court order could be treated as criminal conduct. *Cf. United States v. Lanier*, 520 U.S. 259, 271-72 (1997) (in context of holding public official liable for violating federal civil rights statute, due process fair warning requirement is satisfied "if, but only if, in the light of preexisting law the unlawfulness [under the Constitution] is apparent" (quotations omitted)); *State v. Fitanides*, 139 N.H. 425, 427 (1995) (necessary specificity to avoid constitutional vagueness need not be contained in the statute itself, but may be gleaned from related statutes, prior decisions, or generally accepted usage). We review the trial court's imposition of a suspended sentence for an unsustainable exercise of discretion. *Kelly*, 159 N.H. at 391.

■ Here, the superior court found by a preponderance of the evidence that the defendant committed the underlying act of dialing Nichols's number, and also found that this conduct was sufficiently serious to constitute an attempted criminal contempt of court. Because the record supports those findings, we cannot say that the trial court unsustainably exercised its discretion. *Cf. United States v. Chatelain*, 360 F.3d 114, 124-25 (2d Cir. 2004) (though defendant's state court guilty plea was only to a violation-level offense, evidence before federal court was sufficient to establish that his conduct constituted a crime under state law, thereby violating the terms of his federal supervised release).

### III

Next, the defendant argues that he did not violate the no-contact condition of his misdemeanor sentences because the prison phone system blocked his telephone call to Nichols and, thus, the State had insufficient evidence to find an attempted criminal contempt. We disagree.

■ ■ In general, to prevail on his challenge to the sufficiency of the evidence, the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in a light most favorable to the State, could have found guilt by the standard of proof applicable to the proceeding in question. *Cf. State v. Littlefield*, 152 N.H. 331, 350 (2005). When imposing a previously suspended sentence, the trial court must "independently evaluat[e] the evidence before it to determine whether the State proved, by a preponderance of the evidence, that a violation of the suspension conditions had occurred." *Gibbs*, 157 N.H. at 542. Our standard of review on this claim of legal error is *de novo. See State v. Kay*, 162 N.H. 237, 243 (2011).

■ "Criminal contempt is a sanction imposed by the trial court when a defendant has intentionally failed to comply with a valid order of which the

defendant had knowledge." *State v. Hancock*, 156 N.H. 301, 304 (2007). "Indirect contempt is committed outside the presence of the judge, without the judge having personal knowledge of every element of contempt." *Id.* at 305. To prove indirect criminal contempt, the State must prove the existence of a valid order, the defendant's knowledge of the order, and the defendant's intentional failure to comply with the order. *Nott*, 149 N.H. at 282. Further:

> A person is guilty of an attempt to commit a crime if, with a purpose that a crime be committed, he does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step toward the commission of the crime.

RSA 629:1, I (2007). "The penalty for attempt is the same as that authorized for the crime that was attempted . . . ." RSA 629:1, IV (2007).

 The defendant does not challenge the validity of the no-contact order, or his knowledge of that order; thus, we do not address those issues. Rather, he challenges the sufficiency of the evidence to prove his "intentional failure to comply with the order." Based upon our review of the record, however, we conclude that the defendant's conduct in dialing Nichols's telephone number from the prison was sufficient to establish by the requisite preponderance of the evidence standard that, with the purpose of contacting Nichols in violation of the court order, he took a substantial step toward accomplishing that end. Therefore, the trial court was justified in concluding that the defendant committed attempted indirect criminal contempt. *Gibbs*, 157 N.H. at 542.

## IV

Finally, the defendant argues that because his misdemeanor sentence with the no-contact order was imposed after the felony sentences, he lacked notice that violating the no-contact order would trigger imposition of his suspended felony sentences. He argues that this lack of notice violated his due process right to know the "exact nature of [the] sentence." *See State v. Budgett*, 146 N.H. 135, 137 (2001) (quotations omitted). We disagree.

 Because the defendant advances his due process argument under both Part I, Article 15 of the State Constitution and the Fourteenth Amendment to the Federal Constitution, following familiar practice we consider his state constitutional claims first, referencing federal decisions for guidance only. *State v. Ball*, 124 N.H. 226, 232 (1983). In *Budgett*, we established that when a defendant's conditional liberty requires him to refrain from a *non-criminal* act, the sentencing order must clearly

delineate which non-criminal acts violate its terms and will trigger imposition of any suspended or probationary sentence. *Budgett*, 146 N.H. at 138-39. Conversely, a sentencing order need not explicitly state that committing a crime violates the conditions of a sentencing order. *See id.* at 138. Because, as discussed previously, well-established law makes it clear that the deliberate violation of a court order can be punished as a criminal contempt, the defendant had sufficient notice that an attempt to violate the no-contact order could trigger imposition of the suspended felony sentences.

Since, in this area of law, the Federal Constitution affords the defendant no greater protection than the State Constitution, we reach the same result under the Federal Constitution.

*Affirmed.*

DALIANIS, C.J., and DUGGAN and HICKS, JJ., concurred.