NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough–northern judicial district
No. 2015-0155


THE STATE OF NEW HAMPSHIRE

v.

DOMINICK STANIN, SR.

Argued: February 10, 2016
Opinion Issued: July 12, 2016


Joseph A. Foster, attorney general (Sean R. Locke, assistant attorney general, on the brief and orally), for the State.


Christopher M. Johnson, chief appellate defender, of Concord, on the brief and orally, for the defendant.


CONBOY, J. The defendant, Dominick Stanin, Sr., appeals the decision of the Superior Court (Abramson, J.) to impose his two previously suspended sentences. On appeal, he argues that the trial court erred by denying his pretrial motion in limine seeking to limit the State's cross-examination of him or, alternatively, to "sever" the bases for the motion to impose. We affirm.

The relevant facts follow. In April 2014, the defendant was convicted of two counts of reckless conduct, see RSA 631:3 (2007) (amended 2014), and one count of being a felon in possession of a dangerous weapon, see RSA 159:3

(2014). On one of the reckless conduct charges, he received a time-served sentence. On the two remaining charges, he received consecutive three-and-one-half-to-seven-year sentences, both suspended for 10 years on the condition of good behavior.

In June 2014, the defendant was arrested for loitering (a violation-level offense), see RSA 644:6 (2007), and resisting arrest (a misdemeanor), see RSA 642:2 (Supp. 2015). Those charges were tried in September 2014. The trial court acquitted the defendant of the loitering charge and placed the resisting arrest matter "on file without a finding."

In August 2014, the defendant was charged with first degree assault, see RSA 631:1 (2007) (amended 2014), robbery, see RSA 636:1 (2007), and being a felon in possession of a dangerous weapon, see RSA 159:3, for his involvement in a stabbing incident. He was subsequently also charged with misdemeanor resisting arrest in connection with the August incident. See RSA 642:2.

In October 2014, the State moved to impose the defendant's two consecutive three-and-one-half-to-seven-year sentences on the ground that his June and August charges established that he had violated the condition of good behavior. The defendant filed a pretrial motion in limine seeking to limit the State's cross-examination of him or, alternatively, to sever the bases for the motion to impose. In that motion, the defendant explained that he "might testify" as to the June resisting arrest charge, but, as to the August charges he wanted to invoke his right to remain silent pursuant to the 5th and 14th Amendments to the United States Constitution and the rights to all proofs favorable and against self-incrimination provided in Part I, Article 15 of the New Hampshire Constitution. During the February 2015 hearing on the motion to impose, the trial court ruled that the defendant could not "testify selectively; . . . if he takes the stand, he waives his Fifth Amendment privilege in a motion to impose hearing." The defendant did not testify at the hearing. Nor did he put on an affirmative case.

The trial court found that the State had met its burden of proving, by a preponderance of the evidence, that the defendant had violated the condition of good behavior. Specifically, the court found, by a preponderance of the evidence, that the June resisting arrest charge, the August felon-in-possession charge, and the August first degree assault charge were true. The court also found that the State had failed to meet its burden of proof with respect to the August robbery charge and August resisting arrest charge. Because the court found that the defendant had violated the condition of good behavior, it imposed his two previously suspended sentences. On the April reckless conduct charge, the court imposed the entire previously suspended sentence (three and one-half years to seven years). As for the April felon-in-possession charge, the court imposed the suspended term of three-and-one-half to seven

years, but further suspended the three-and-one-half years minimum term for one and one-half years.  This appeal followed.

On appeal, the defendant argues that the privilege against compelled self-incrimination, as guaranteed by the State and Federal Constitutions, see N.H. CONST. pt. I, art. 15; U.S. CONST. amend. V, required the trial court to limit the State's cross-examination to the subject about which he intended to testify during direct examination (the June resisting arrest charge).  See N.H. R. Ev. 611(b) (providing that a cross-examiner may question a witness "on any matter relevant to any issue in the case, including credibility," but "[i]n the interests of justice, the judge may limit cross-examination with respect to matters not testified to on direct examination").  The defendant contends that the trial court should have ruled that he waived his privilege against compelled self-incrimination only as to the June resisting arrest charge and to matters affecting his credibility.  Thus, the defendant asserts that the trial court violated the privilege when it ruled in limine that the State could cross-examine him about the August charges even though he intended to testify on direct examination about only the June resisting arrest charge.

Relying upon Luce v. United States, 469 U.S. 38 (1984), and its progeny, the State argues that the defendant's decision not to testify at the motion to impose hearing renders unreviewable his argument that the trial court erred by failing to restrict the scope of the State's cross-examination.  See Luce, 469 U.S. at 39-43; see also State v. Bruneau, 131 N.H. 104, 114-15 (1988).  The petitioner in Luce was charged with conspiracy and possession of cocaine with intent to distribute.  Luce, 469 U.S. at 39.  He moved to preclude the government from using a prior state conviction for possession of a controlled substance to impeach him if he testified.  Id.  The petitioner did not commit to testifying if the motion were granted and gave no proffer as to what his testimony would be.  Id.  The trial court determined that the prior conviction was admissible for impeachment purposes under Federal Rule of Evidence 609(a).  Id. at 39-40.  The trial court did state, however, that if the "petitioner limited his testimony to explaining his attempt to flee from arresting officers," the prior conviction would be excluded.  Id. at 40.  The petitioner did not testify.  Id.

The Supreme Court ruled that, because the petitioner never testified, his argument that the trial court erred by ruling the prior conviction admissible for impeachment was unreviewable.  See id. at 43.  The Court explained that, without the defendant's trial testimony, "[a]ny possible harm flowing from a [trial] court's in limine ruling permitting impeachment by a prior conviction is wholly speculative" because a trial court may change its ruling as the case unfolds and because a defendant's actual testimony may differ from that which was contained in his proffer.  Id. at 41.  Moreover, "[w]hen the defendant does not testify, the reviewing court . . . has no way of knowing whether the

Government would have sought to impeach with the prior conviction." Id. at 42. The Court also explained:

> Were in limine rulings under Rule 609(a) reviewable on appeal, almost any error would result in the windfall of automatic reversal; the appellate court could not logically term "harmless" an error that presumptively kept the defendant from testifying. Requiring that a defendant testify in order to preserve Rule 609(a) claims will enable the reviewing court to determine the impact any erroneous impeachment may have had in light of the record as a whole; it will also tend to discourage making such motions solely to "plant" reversible error in the event of conviction.

Id.

Although Luce concerned impeachment under Federal Rule of Evidence 609(a), when we adopted Luce, we applied it to a constitutionally-based claim. See Bruneau, 131 N.H. at 114-15. In Bruneau, the defendant had filed a pretrial motion to suppress a statement that the State conceded had been obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966). Id. at 114. The trial court ruled that the statement was inadmissible in the State's case-in-chief, but was admissible to impeach the defendant, if he took the stand. Id. On appeal, the defendant argued that the trial court's decision violated his right to counsel as guaranteed by Part I, Article 15 of the State Constitution and the Sixth Amendment to the Federal Constitution. Id. We found the defendant's appellate argument to be "too speculative for adjudication" because he "never testified and was never impeached." Id. at 115. We explained:

> We have no way of knowing whether [the defendant's] decision to remain off the stand was influenced to any degree by the ruling in limine, any more than we can tell what would have happened if he had testified. We do not know whether his testimony would have differed from the substance of his statement, or whether the State would actually have used the statement to impeach him.

Id.

Relying, in part, on Luce, we held that "[o]nly if the defendant had taken the stand and suffered impeachment by the statement's use would an issue be ripe for adjudication here." Id.; accord State v. Croft, 142 N.H. 76, 78-79 (1997) (ruling that the defendant's arguments regarding the admissibility of a prosecutor's testimony were not preserved because the trial court "never ruled in the context of actual testimony" and finding that "[t]he specificity of the offers of proof is irrelevant" because trial testimony can differ from proffers). But cf. State v. Blackstock, 147 N.H. 791, 797 (2002) (ruling that the defendant could challenge the trial court's in limine ruling on appeal where he supported

4

his motion "with an explanation of the line of questioning he sought to pursue during cross-examination" and renewed his request at trial).

Other state courts have also applied Luce to impeachment by a statement obtained in violation of a defendant's Miranda rights. See, e.g., Wagner v. State, 347 P.3d 109, 109-10 (Alaska 2015) (declining to review the defendant's claim that the trial court erred by allowing the State to impeach him with a statement obtained in violation of Miranda because, without his testimony, "it is impossible to tell whether the court's ruling affected [his] decision not to testify, whether the prosecution would have impeached him with his police statement, or whether this evidence would have affected the jury"); Jordan v. State, 591 A.2d 875, 876-78 (Md. 1991) (concluding that the appellate court could not review the defendant's constitutional argument that the trial court erred by allowing the State to use his allegedly involuntary confession to impeach him because he elected not to testify); cf. People v. Boyd, 682 N.W.2d 459, 459-60 (Mich. 2004) (ruling that the defendant had to testify at trial to preserve for review his challenge to the trial court's in limine ruling that allowed into evidence his post-arrest silence). But see, e.g., State v. Brunelle, 534 A.2d 198, 199-200, 204 (Vt. 1987) (ruling that the defendant could challenge on appeal the trial court's decision allowing the State to impeach him with evidence that had been obtained in violation of his Miranda rights, even though he neither testified nor made an offer of proof at trial); cf. State v. Cherry, 83 P.3d 123, 125-26 (Idaho Ct. App. 2003) (concluding that when a defendant elects not to testify, but has made an adequate offer of proof as to the testimony he would have given, he may challenge on appeal the trial court's decision to allow impeachment with evidence allegedly obtained in violation of his constitutional rights).

We have not previously applied the Luce rule to circumstances similar to those in this case. Thus, whether the defendant's decision not to testify renders unreviewable his argument that the trial court erred by failing to restrict the State's proposed cross-examination to the subject about which he intended to testify is a question of first impression. However, numerous federal jurisdictions have applied the Luce rule to similar arguments. See United States v. Ferrer, 441 Fed. Appx. 867, 869 (3d Cir. 2011) (determining that the defendant's decision not to testify at trial precluded the appellate court from reviewing his argument that the trial court should not have denied his motion in limine to restrict the scope of the government's cross-examination of him); United States v. Bond, 87 F.3d 695, 700-01 (5th Cir. 1996) (finding unreviewable the defendant's argument that the trial court erroneously decided that if he testified "regarding the terms of his plea bargain, he would waive his privilege against self-incrimination with regard to all grounds asserted in his motion to withdraw" his plea, because he did not testify); United States v. Johnson, Nos. 94-5088, 94-5099, 1995 WL 530088, at *4-5 (4th Cir. Aug. 31, 1995) (unpublished) (ruling that, by choosing not to testify, the defendant failed to preserve for the court's review whether the trial court violated his

5

constitutional privilege against compelled self-incrimination when it ruled that, if he testified for a limited purpose at sentencing, the government could cross-examine him about "everything" (quotation omitted)); United States v. Nivica, 887 F.2d 1110, 1115-17 (1st Cir. 1989) (concluding that the defendant's argument that the trial court erred when it denied his request for a pretrial ruling that would have limited the government to cross-examining him only upon matters about which he testified on direct examination and about his credibility was foreclosed because he never, in fact, testified); cf. United States v. Wilson, 307 F.3d 596, 598-601 (7th Cir. 2002) (holding unreviewable the defendant's assertion that his Fifth Amendment right to remain silent was violated by the trial court's conditional ruling to allow the government to introduce evidence of his "selective silence" if he referred to the "associate" he had originally mentioned to a federal agent because, although the defendant testified, he did not, in fact, mention the associate (quotation omitted)).

Moreover, at least two state courts have also applied Luce to circumstances that are similar to those in this case. See Jackson v. State, 992 S.W.2d 469, 479-80 (Tex. Crim. App. 1999) (en banc) (declining to review the appellant's assertion that the trial court erred when it ruled that the State could cross-examine him about certain offenses if he testified in the punishment phase of his trial for the limited purpose of raising mitigation issues because he did not testify); People v. Whitehead, 508 N.E.2d 687, 693-94 (Ill. 1987) (ruling that because neither the witness nor the defendant testified, the court could not review whether the trial court erred by denying the defendant's motions in limine seeking to limit the State's cross-examination).

We find persuasive the court's reasoning in United States v. Turner, 674 F.3d 420 (5th Cir. 2012). The defendant in that case brought a motion in limine requesting that the federal district court rule upon whether his testimony about his federal charges "would waive his Fifth Amendment right against self-incrimination as to" a robbery "for which he faced only state charges." Turner, 674 F.3d at 433. The district court ruled that, if the defendant testified about the federal charges, he could be cross-examined about the state robbery charges because his testimony about those charges would be relevant to, and probative of, his credibility and his "intent, identity, motive, plan, knowledge, and modus operandi." Id. (quotation and brackets omitted). The defendant did not testify. Id. Although the defendant argued that the district court's ruling was erroneous, the appellate court concluded that his failure to testify rendered his argument unreviewable. Id. at 433-34. The court explained that "without any record of what [the defendant] would have said, [it] cannot review the relevance and appropriateness of a hypothetical cross-examination on a particular subject." Id. at 434.

The defendant argues that Turner is distinguishable because the defendant in that case "wanted[ ] to give testimony only on some discrete

matters bearing on a given charge," whereas the defendant in this case sought "to give testimony on any and all matters bearing" on the June resisting arrest charge. The defendant's characterization of Turner is mistaken. The defendant in Turner sought to testify about one set of charges without being cross-examined about another set of charges. Id. at 433. Similarly, in this case, the defendant sought to testify about the June resisting arrest charge without being cross-examined about the August charges. The court in Turner ruled that if the defendant testified about one set of charges, he would waive his privilege against compelled self-incrimination as to the other charges. See id. Likewise, the court here ruled that if the defendant testified about the June resisting arrest charge, he would waive his privilege against compelled self-incrimination as to the August charges.

Here, the defendant did not testify. Moreover, even if we assume that a detailed proffer as to the defendant's intended testimony would have sufficed, the defendant did not make such a proffer. See Blackstock, 147 N.H. at 797. But see Bruneau, 131 N.H. at 115; Croft, 142 N.H. at 78-79. We hold that this record renders unreviewable the defendant's argument that the trial court violated his privilege against compelled self-incrimination as protected by the State and Federal Constitutions when it failed to restrict the State's cross-examination to the subject about which he intended to testify. Absent a record of what the defendant would have said during direct examination and of the State's proposed cross-examination of him, we cannot meaningfully determine whether the trial court's failure to restrict the scope of the State's cross-examination was unconstitutional. Meaningful review is impossible in this case because the defendant's precise testimony and the State's anticipated cross-examination remain "unknowable." Luce, 469 U.S. at 41.

Alternatively, the defendant argues that the trial court "erred in denying the alternative relief of severance of the June charge from the August charges." He asserts that, pursuant to former Superior Court Rule 97-A (superseded by New Hampshire Rule of Criminal Procedure 20), he had a "right" to severance of the two bases for the motion to impose (the June resisting arrest charge and the August charges) because the June charge was not "related" to the August charges and severance was in the "interests of justice."

The defendant's reliance upon the rule regarding severance of criminal offenses for trial is misplaced. The alleged June and August acts were not "offenses" for which the defendant was to be tried. Rather, they constituted the State's evidence that he had violated the good-behavior condition of his previously suspended sentences, regardless of whether those acts resulted in criminal convictions. See State v. Gibbs, 157 N.H. 538, 540-42 (2008). Under these circumstances, Superior Court Rule 97-A is of no avail to the defendant.

In effect, the defendant asserts that the "interests of justice" required the trial court to treat the State's motion to impose as if it were two motions — one

motion based upon the June resisting arrest charge and the other based upon the August charges.  However, "[t]he trial court has broad discretion in managing the proceedings before it."  State v. Larose, 157 N.H. 28, 39 (2008) (quotation omitted).  Given the State's allegation that, as a result of the defendant's conduct in June and August, he "was not on good behavior," we cannot say that the trial court unsustainably exercised its discretion by declining to treat the State's motion to impose as two motions and by declining to hear them in separate hearings.  See State v. Lambert, 147 N.H. 295, 296 (2001) (explaining our unsustainable exercise of discretion standard of review).

Affirmed.

DALIANIS, C.J., and LYNN and BASSETT, JJ., concurred.